HODGE *vs.* THE STATE OF GEORGIA.

1. The act of October 12th, 1885, making it penal to wreck railroad trains, etc., applies to all railroads, whether duly chartered as such or not.
2. The evidence warranted the verdict.

March 22, 1889.

Criminal law. Railroads. New trial. Before Judge KIBBEE. Dodge superior court. February term, 1888.

The defendant was indicted, under the act of October 12th, 1885, for wrecking a train. On the trial, the testimony for the State tended to show the following facts : The train in question and the track upon which it was run belonged to the Amoskeag Lumber Co., and was used for hauling timber and transporting the hands of said company ; and it seems that it also carried a car for passengers traveling "to the woods and back." It was drawn by a locomotive engine, and in addition to the car mentioned, contained a number of timber or "log-cars." The wrecking occurred early in the morning of February 10, 1888, upon a trestle or embankment. At the time, it was running backward, according to one witness, at the rate of thirty or thirty-five miles per hour, and according to another, not running very fast. The wreck was caused by a slab of timber which was upon the track and which threw the train off the track, injuring a number of the hands who were on the train going to work. The evidence tended to show that this slab, which was of considerable size but not so large

that it could not be carried by a man, had been intentionally placed on the track; that it was the custom of the company at that time to have such slabs piled up, and there were two such piles in this vicinity, each about a quarter of a mile away from the place of the wreck; and that a train had passed over the track at this point the night before without obstruction and did not carry slabs; the next being the one which was wrecked. Two witnesses testified that the defendant confessed to them that he committed the crime, the confession being made voluntarily and without inducements or threats; that defendant said, in substance, that the lumber company had him discharged because he would not vote against whiskey, that they owed .him $7.00 and had not paid him, and that this was the reason he committed the crime. It was shown that one of these witnesses was employed by a detective, at regular daily wages, who was himself employed by the lumber company in the same way, and that the other witness was employed by the first of the two. The evidence further tended to show that the defendant had really been employed by a subcontractor to do the work for the lumber company; that a short while before the wreck, this subcontractor gave him an order on the lumber company for wages due him, about $7.00, and the company refused to pay this order, not being at that time indebted to the subcontractor; and that afterwards, and a short while before the wreck, defendant was heard to say that he would have his money or blood. It was further shown that defendant stated to this subcontractor that he got a discharge from the works on the morning of the 8th of February, but did not say what for; and that he lived near the place where the wreck occurred, and was seen near there on the morning and after it occurred.

The State also introduced the petition for charter, and the charter of the Amoskeag Lumber Company. The petition was made to, and the charter granted by, the superior court of Dodge county. The powers which were asked in the petition, and which were granted in the charter, so far as they affect this case were, "to own, buy, sell, lease, operate and maintain saw-mills, lumber, timber, machinery, live-stock, vehicles, and all articles and things necessary and proper for carrying on said business," the business being a general lumber, timber, turpentine and general merchandise business, and "own, lease or rent lands and mills, tramways, roads, machinery, etc."

The defendant introduced no testimony but made a statement in which he denied having made confession or threats, and all knowledge of or connection with the crime. He was found guilty with a recommendation to mercy, and moved for a new trial on the following grounds:

(1–2) Verdict contrary to law and evidence.

(3) Error in charging that it is not necessary that it should be shown that this is the railroad train of a chartered corporation nor of a strictly railroad company.

The motion was overruled, and defendant excepted.

L. A. HALL, by brief, for plaintiff in error.

TOM EASON, solicitor-general, by J. H. MARTIN, for the State.

BLECKLEY, Chief Justice.

1. Hodge having been tried and convicted for wrecking a railroad train, and the court having denied him a new trial, the first question is whether the act of October 12th, 1885, applies to a railroad not chartered.

We think the act is applicable to any railroad whatsoever, and that the question of whether it has been chartered or not could not properly be raised. This was a railroad *de facto*, whether one *de jure* or not. The language of the act, neither in its title nor its body suggests any restriction whatever to railroads of any given class or kind.

2. The next question is whether the evidence in the record warrants the verdict. We agree with the court below in thinking it quite sufficient. For the facts in full, see the official report, and for the statute see acts 1884–85, p. 131.

Judgment affirmed.